IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ARTHUR R. MORRISON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2116-N |
| | § | |
| CRAIG WATKINS | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Arthur R. Morrison, a Texas prisoner, against Dallas County District Attorney Craig Watkins. On November 6, 2009, plaintiff tendered a 35-page handwritten complaint with attachments to the district clerk and filed an application to proceed *in forma pauperis*. After reviewing the pleadings, the court determines that plaintiff should not be allowed to proceed *in forma pauperis* because he has filed at least three prior civil actions while incarcerated that were dismissed as frivolous, and he is not "under imminent danger of serious physical injury."

II.

In his complaint, plaintiff appears to challenge his Dallas County conviction for aggravated assault with a deadly weapon and the conditions of his confinement at the Clements Unit of the

TDCJ-CID. With respect to his conviction, plaintiff accuses the prosecutors of obstruction of justice, abuse of process, fabricating evidence, and suborning perjury. Plaintiff also challenges the testimony of his victims, and criticizes certain tactical or strategic decisions made by his lawyers during the trial. With respect to the conditions of his confinement, plaintiff alleges that he has been subjected to unwanted sexual advances and retaliation by prison guards, that he was punished for reporting an assault by his cellmate, that prisoners are exposed to unsanitary conditions, and that another inmate has been denied access to the prison law library. By this suit, plaintiff seeks $39 million in damages, an order requiring federal and state authorities to investigate and prosecute his allegations of criminal wrongdoing, and other injunctive relief.

A.

A prisoner may not proceed *in forma pauperis* if, while incarcerated or detained in any facility, he has filed three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim. *See* 28 U.S.C. § 1915(g). This prohibition applies to suits dismissed on any of those grounds prior to the effective date of the Prison Litigation Reform Act. *See Adepegba v. Hammons*, 103 F.3d 383, 386 (5th Cir. 1996). The only exception to the "three strikes" bar is when the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In order to meet the "imminent danger" requirement of section 1915(g), the "threat or prison condition [must be] real and proximate." *Valdez v. Bush*, No. 3-08-CV-1481-N, 2008 WL 4710808 at *1 (N.D. Tex. Oct. 24, 2008), *quoting Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm do not suffice--the harm must be imminent or occurring at the time the complaint is filed. *Id.* Moreover, the prisoner must allege specific facts showing that he is under imminent danger of serious physical injury. *Id.*, *citing Alpine v. Long*, No. 9-07-CV-234, 2007 WL 3132530 at *3 (E.D. Tex. Oct. 23, 2007). "General allegations that are not grounded in

specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." *Id.*, *quoting Niebla v. Walton Correctional Inst.*, No. 3-06-CV-275-LAC-EMT, 2006 WL 2051307 at *2 (N.D. Fla. Jul. 20, 2006).

B.

Plaintiff was allowed to proceed *in forma pauperis* in a number of civil actions filed while he was incarcerated. At least seven of those cases were dismissed either as frivolous or for failure to state a claim before plaintiff filed the instant suit. *See Morrison v. Kimmons*, No. 3-96-CV-0711-G (N.D. Tex. Feb. 27, 1998); *Morrison v. Bowles*, No. 3-96-CV-1510-D (N.D. Tex. Jul. 8, 1997); *Morrison v. Bowles*, No. 3-96-CV-1304-P (N.D. Tex. Oct. 30, 1996); *Morrison v. Scherba*, No. 3-95-CV-1325-D (N.D. Tex. Aug. 6, 1996); *Morrison v. Pitman*, No. 3-94-CV-2734-G (N.D. Tex. Aug. 1, 1996); *Morrison v. Punlte*, No. 3-94-CV-2652-T (N.D. Tex. Dec. 28, 1995); *Morrison v. Kimmons*, No. 3-94-CV-2735-H (N.D. Tex. Dec. 5, 1995), *appeal dism'd*, No. 96-10237 (5th Cir. May 8, 1996). On at least one prior occasion, a judge in this district has refused to allow plaintiff to proceed *in forma pauperis* based on the "three strikes" rule. *See Morrison v. Gholston*, No. 3-96-CV-0953-G (N.D. Tex. Mar. 2, 1998).

In an attempt to satisfy the "imminent danger" requirement, plaintiff states that he has been subjected to unwanted sexual advances by prison guards at the Clements Unit, who have coerced him into having sexual intercourse at the risk of being denied food, or who punish him for not submitting to their advances by throwing unwrapped food under the toilet. (*See* Plf. Compl. at 31). Plaintiff also alleges that his cellmate physically assaulted him, that prison officials refuse to protect him from such attacks, that he has been punished for asking to be placed in protective custody, and that staph infections are rampant at the prison due to unsanitary conditions. (*See id.* at 31-33). Without

suggesting a view of whether any or all of these allegations rise to the level of "imminent danger," none are actionable against the only defendant named by plaintiff in his complaint--Dallas County District Attorney Craig Watkins.[1] Rather, the allegations against Watkins all arise out of plaintiff's 2008 conviction for aggravated assault with a deadly weapon. Because plaintiff is not in "imminent danger of serious physical injury" as a result of any of those claims, he cannot prosecute this action without paying the statutory filing fee.

## **RECOMMENDATION**

Plaintiff's application to proceed *in forma pauperis* should be denied. Plaintiff should be ordered to pay the $350.00 statutory filing fee within 20 days after this recommendation is adopted by the district judge. If he fails to do so, this case should be dismissed without further notice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

---

[1] The court notes that venue is not proper in the Dallas Division of the Northern District of Texas with respect to any claims involving the conditions of plaintiff's confinement at the Clements Unit of the TDCJ-CID. The prison is located in Amarillo, Texas, which lies within the Amarillo Division of the Northern District of Texas. *See* 28 U.S.C. § 124(a)(5). Therefore, any claims involving conditions at the Clements Unit must be brought in the Amarillo Division.

DATED: November 16, 2009.

_/s/ Jeff Kaplan_
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE